| | |
|---|---|
| 1 | James J. Pisanelli, Esq., Bar No. 4027 |
| | JJP@pisanellibice.com |
| 2 | Debra L. Spinelli, Esq., Bar No. 9695 |
| | DLS@pisanellibice.com |
| 3 | PISANELLI BICE PLLC |
| | 400 South 7th Street, Suite 300 |
| 4 | Las Vegas, Nevada 89101 |
| | Telephone: (702) 214-2100 |
| 5 | |
| | Kevin D. Tessier, Esq. (admitted *pro hac vice*) |
| 6 | ktessier@reedsmith.com |
| | Karen E. Vaysman, Esq. (admitted *pro hac vice*) |
| 7 | kvaysman@reedsmith.com |
| | REED SMITH LLP |
| 8 | 10 South Wacker Drive |
| | Chicago, Illinois 60606-7507 |
| 9 | Telephone: (312) 207-1000 |

*Attorneys for Rocky Mountain Hospital and Medical Service, Inc. d/b/a Anthem Blue Cross and Blue Shield and HMO Colorado Inc. d/b/a HMO Nevada*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SUNRISE HOSPITAL AND MEDICAL CENTER, LLC<br><br>Plaintiff,<br><br>vs.<br><br>ROCKY MOUNTAIN HOSPITAL AND MEDICAL SERVICE, INC. d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD; HMO COLORADO INC. d/b/a HMO NEVADA<br><br>Defendants. | Case No.: 2:18-cv-00761-RFB-GWF<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY STAY**<br><br>**(Fourth Request)** |

Plaintiff Sunrise Hospital and Medical Center, LLC ("Plaintiff") and Defendants Rocky Mountain Hospital and Medical Service, Inc. d/b/a Anthem Blue Cross and Blue Shield and HMO Colorado Inc. d/b/a HMO Nevada ("Defendants", and collectively with Plaintiff, the "Parties") submit the following Stipulation and Order to Extend Discovery Stay:

1. On March 14, 2019, the Parties submitted a Status Report and Stipulation to Stay Discovery in which they reported the Parties' agreement to pursue private mediation and requested to stay discovery for fourteen (14) days to allow for the selection of a mediator and mediation date. (Dkt. 45.) The Court entered the Stipulation and Order on March 15, 2019. (Dkt. 46.)

2. On March 29, 2019, the Parties submitted a Status Report (Dkt. 48) and Stipulation (Dkt. 50) in which they reported that the Parties' efforts to select a mediator and mediation date are ongoing and requested to extend the discovery stay for an additional fourteen (14) days. The Court entered the Stipulation and Order on April 1, 2019. (Dkt. 51.)

3. On April 12, 2019, the Parties submitted a Status Report (Dkt. 52) and a Stipulation (Dkt. 53) in which they reported the Parties' agreement as to a mediator and agreed to stay discovery for an additional fourteen (14) days to allow the Parties more time to confirm a mediation date. The Court entered the Stipulation and Order on April 15, 2019. (Dkt. 54.)

4. On April 24, 2019, the Parties confirmed that a mediation of this case was scheduled for June 28, 2019 at 10:00 am. Accordingly, on April 26, 2019, the Parties submitted a Stipulation to extend the stay of discovery pending mediation up through and including June 28, 2019. In the event this matter was not resolved at mediation, the Parties also agreed to submit to the Court a proposed amended scheduling order within fourteen (14) days of the unsuccessful mediation, on or by July 12, 2019. (Dkt. 55.) The Court entered the Stipulation on April 29, 2019. (Dkt. 57.)

5. A scheduling conflict has since arisen and required the Parties to reschedule the mediation previously set for June 28, 2019. The Parties selected the first available date on which the Parties and the mediator were available for mediation, and on June 13, 2019, the Parties confirmed that a mediation of this case is reset for September 5, 2019 at 9:00 am. As such, the Parties stipulate and agree to extend the stay of discovery pending the reset mediation up through and including September 5, 2019.

6. If this matter is not resolved at mediation, the Parties further agree and stipulate that they will submit to the Court a proposed amended scheduling order within fourteen (14) days following the unsuccessful mediation, on or by September 19, 2019.

7. This is the Parties' fourth request to extend the stay of discovery.

8. There is good cause to extend the stay. An extension of the stay will allow the Parties to focus their continuing efforts on early resolution in an efficient manner and save the Parties' time and expense of discovery. Moreover, as no trial in this matter has been set, the requested extension of the stay does not require a change to any trial date. The Parties jointly request to extend the stay. Neither Party to this lawsuit will be prejudiced by the extension of the stay.

IT IS SO AGREED AND STIPULATED:

Dated this 18th day of June, 2019

Lapidus & Lapidus, PLC

By: */s/ Daniel C. Lapidus*
    JIM D. BAUCH
    DANIEL C. LAPIDUS
    RYAN D. LAPIDUS
    Lapidus & Lapidus, PLC
    177 South Beverly Drive
    Beverly Hills, California 90212

In Association With:
    JOSHUA M. DICKEY
    BAILEY❖KENNEDY
    8984 Spanish Ridge Avenue
    Las Vegas, Nevada 89148-1302

*Attorney for Sunrise Hospital and Medical Center, LLC*

Dated this 18th day of June, 2019

REED SMITH LLP

By: */s/ Karen E. Vaysman*
    KEVIN D. TESSIER
    KAREN E. VAYSMAN
    10 South Wacker Drive
    Chicago, Illinois 60606

In Association With:
    JAMES J. PISANELLI, ESQ.
    DEBRA L. SPINELLI, ESQ.
    PISANELLI BICE PLLC
    400 South 7th Street, Suite 300
    Las Vegas, Nevada 89101

*Attorneys for Rocky Mountain Hospital and Medical Service, Inc. d/b/a Anthem Blue Cross and Blue Shield and HMO Colorado Inc. d/b/a HMO Nevada*

**IT IS SO ORDERED:**

*George Foley Jr.*
_____
UNITED STATES MAGISTRATE JUDGE

DATED: June 19, 2019

CASE NO.: 2:18-cv-00761-RFB-GWF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 3 -

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on June 18, 2019, a true and correct copy of the foregoing has been filed with the Court through the CM/ECF system, which will send notification of such filing to all parties of record in the above-captioned matter.

*/s/ Karen E. Vaysman*
Karen E. Vaysman